## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

MD ZAHIDUZ ZAMAN, a U.S. Citizen,

  84 Highland Ave
  Salem, MA 01970

  Plaintiff,

v.

UNITED STATES DEPARTMENT OF
HOMELAND SECURITY,

Serve:  Office of the General Counsel
       Department of Homeland Security
       Mail Stop 3650
       Washington, D.C. 20528

UNITED STATES CITIZENSHIP AND
IMMIGRATION SERVICES,

Serve:  U.S. Citizenship & Immigration
       Services
       425 I. Street, N.W., Room 6100
       Washington, D.C. 20536

UNITED STATES DEPARTMENT OF
STATE,

Serve:  Executive Office
       Office of the Legal Adviser
       Suite 5.600
       600 19th St. NW
       Washington, DC 20522

U.S. CONSULATE, Dhaka, Bangladesh,

Serve:  Executive Office
       Office of the Legal Adviser
       Suite 5.600
       600 19th St. NW
       Washington, DC 20522

Case No.  1:19-cv-3592

KEVIN MCALEENAN, Secretary of the
Department of Homeland Security,

Serve:  Office of the General Counsel
        Department of Homeland Security
        Mail Stop 3650
        Washington, D.C. 20528

KENNETH T. CUCCINELLI, Director of the
United States Citizenship and Immigration
Services,

Serve:  U.S. Citizenship & Immigration
        Services
        425 I. Street, N.W., Room 6100
        Washington, D.C. 20536

MICHAEL POMPEO, United States Secretary
of State,

Serve:  Executive Office
        Office of the Legal Adviser
        Suite 5.600
        600 19th St. NW
        Washington, DC 20522

and;

EARL MILLER, Ambassador of the United
States at the U.S. Consulate, Dhaka,
Bangladesh

Serve:  Executive Office
        Office of the Legal Adviser
        Suite 5.600
        600 19th St. NW
        Washington, DC 20522

   Defendants.

## COMPLAINT IN THE NATURE OF MANDAMUS ARISING FROM DEFENDANTS' REFUSAL TO ADJUDICATE PLAINTIFF'S IMMIGRANT VISA APPLICATION

Plaintiff Md Zahiduz Zaman respectfully requests that this Honorable Court issue a writ of mandamus compelling Defendants to adjudicate a long-delayed spouse visa application.

## PARTIES

1. Plaintiff Md Zahiduz Zaman is a citizen of the United States.

2. Plaintiff's spouse Mst Fatema Tuj-Juhura Tonny is a citizen of Bangladesh, currently residing in Bangladesh.

3. Plaintiff's mother Zahanara Habib is a citizen of Bangladesh, currently residing in Bangladesh.

4. Plaintiff's father Md Habibur Rahman is a citizen of Bangladesh, currently residing in Bangladesh.

5. Defendant Department of Homeland Security (hereinafter sometimes referred to as "the DHS") is the agency of the United States that is responsible for implementing the petition for alien relative provisions of the law and assisting the DOS with background and security checks.

6. Defendant United States Citizenship and Immigration Services (hereinafter sometimes referred to as "the USCIS") is the component of the DHS that is responsible for processing petitions filed on behalf of alien relatives seeking to file spouse visa applications.

7. Defendant Department of State (hereinafter sometimes referred to as "the DOS") is the agency of the United States that is responsible for communicating with the DHS and managing Defendant Embassy of the United States in Dhaka, Bangladesh, and which is responsible for implementing the immigrant visa provisions of the law.

8. Defendant Embassy of the United States in Dhaka, Bangladesh (hereinafter sometimes referred to as "the Dhaka Embassy") is a component of the DOS that is responsible for

processing immigrant visa applications and implementing the immigrant and non-immigrant visa provisions of the law.

9. Defendant Kevin McAleenan, the Secretary of the DHS, is the highest ranking official within the DHS. McAleenan, by and through his agency for the DHS, is responsible for the implementation of the Immigration and Nationality Act (hereinafter sometimes referred to as "the INA"), and for ensuring compliance with applicable federal law, including the Administrative Procedures Act (hereinafter sometimes referred to as "the APA"). McAleenan is sued in an official capacity as an agent of the government of the United States.

10. Defendant Kenneth T. Cuccinelli, Director of the USCIS, is the highest ranking official within the USCIS. Cuccinelli is responsible for the implantation of the INA and for ensuring compliance with all applicable federal laws, including the APA. Cuccinelli is sued in his official capacity as an agent of the government of the United States.

11. Defendant Michael Pompeo, the U.S. Secretary of State, is the highest ranking official within the DOS. Pompeo is responsible for the implementation of the INA and for ensuring compliance with applicable federal laws, including the APA. Pompeo is sued in his official capacity as an agent of the government of the United States.

12. Defendant Earl Miller of the Consulate of the United States in Dhaka, Bangladesh. They are being sued in an official capacity as an agent of the government of the United States.

## JURISDICTION AND VENUE

13. This Honorable Court has federal question jurisdiction over this cause pursuant to 28 U.S.C. § 1331, as it raises claims under the Constitution of the United States, the INA, 8 U.S.C. § 1101 et seq., and the APA, 5 U.S.C. § 701 et seq, in conjunction with the Mandamus Act, 28

USC § 1361.

14. Venue is proper pursuant to 28 U.S.C. § 1391(e)(1) because (1) Defendants are agencies of the United States or officers or employees thereof acting in their official capacity or under color of legal authority; (2) no real property is involved in this action, and; (3) the Defendants all maintain offices within this district.

15. This Honorable Court is competent to adjudicate this case, notwithstanding the doctrine of consular non-reviewability, *see United States ex rel. Knauff v. Shaughnessy*, 338 U.S. 537 (1950), because Defendants have not made any decision in regard to Mst Fatema Tuj-Juhura Tonny's visa application.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

### Mst Fatema Tuj-Juhura Tonny

16. Md Zahiduz Zaman is the spouse of Mst Fatema Tuj-Juhura Tonny and is the spouse visa petitioner for Mst Fatema Tuj-Juhura Tonny's immigrant visa application.

17. Under federal immigration law, USCIS is authorized to approve a spouse visa application filed by a U.S. citizen and to issue an immigrant visa to allow the spouse to enter the U.S. and obtain lawful permanent resident status.

18. Mst Fatema Tuj-Juhura Tonny is a citizen of Bangladesh.  Bangladesh is a predominantly Muslim country.

19. Md Zahiduz Zaman filed a visa petition for Mst Fatema Tuj-Juhura spouse with the USCIS on November 28 2016.

20. Plaintiff paid, and Defendants accepted, all applicable filing and visa fees.

21. USCIS purportedly approved Plaintiff's I-130 spouse visa petition on July 18 2017.

22. The case should have then been sent to the National Visa Center (NVC), a part of the U.S. Department of State for visa processing. The NVC assigned Case Number DHK2017720021 to this case. Upon information and belief, the NVC completed its processing of the case and sent it to the U.S. consulate in Dhaka, Bangladesh for an interview.

23. The State Department conducted Mst Fatema Tuj-Juhura Tonny's visa interview on or about April 19 2018. Since that time, the agency has refused to issue a decision on this case.

<u>Zahanara Habib</u>

24. Md Zahiduz Zaman is the son of Zabanara Habib and is the U.S. citizen visa petitioner for Zabanara Habib's immigrant visa application.

25. Under federal immigration law, USCIS is authorized to approve a visa application filed by a U.S. citizen and to issue an immigrant visa to allow the spouse to enter the U.S. and obtain lawful permanent resident status.

26. Zabanara Habib is a citizen of Bangladesh. Bangladesh is a predominantly Muslim country.

27. Md Zahiduz Zaman filed a visa petition for Mst Fatema Tuj-Juhura spouse with the USCIS on November 28 2016.

28. Plaintiff paid, and Defendants accepted, all applicable filing and visa fees.

29. USCIS purportedly approved Plaintiff's I-130 spouse visa petition on July 18 2017.

30. The case should have then been sent to the National Visa Center (NVC), a part of the U.S. Department of State for visa processing. The NVC assigned Case Number DHK2017720011 to this case. Upon information and belief, the NVC completed its processing of the case and sent it to the U.S. consulate in Dhaka, Bangladesh for an interview.

31. The State Department conducted Zabanara Habib's visa interview on or about April 19 2018.  Since that time, the agency has refused to issue a decision on this case.

<u>Md Habibur Rahman</u>

32. Md Zahiduz Zaman is the son of Md Habibur Rahman and is the U.S. citizen visa petitioner for Md Habibur Rahman's immigrant visa application.

33. Under federal immigration law, USCIS is authorized to approve a visa application filed by a U.S. citizen and to issue an immigrant visa to allow the spouse to enter the U.S. and obtain lawful permanent resident status.

34. Md Habibur Rahman is a citizen of Bangladesh.  Bangladesh is a predominantly Muslim country.

35. Md Zahiduz Zaman filed a visa petition for Mst Fatema Tuj-Juhura spouse with the USCIS on November 28 2016.

36. Plaintiff paid, and Defendants accepted, all applicable filing and visa fees.

37. USCIS purportedly approved Plaintiff's I-130 spouse visa petition on July 18 2017.

38. The case should have then been sent to the National Visa Center (NVC), a part of the U.S. Department of State for visa processing.   The NVC assigned Case Number DHK2017720011 to this case.  Upon information and belief, the NVC completed its processing of the case and sent it to the U.S. consulate in Dhaka, Bangladesh for an interview.

39. The State Department conducted Md Habibur Rahman's visa interview on or about April 19 2018.  Since that time, the agency has refused to issue a decision on this case.

40. Md Zahiduz Zaman has made repeated attempts to obtain a decision in this matter without involving this honorable Court.   Plaintiff has contacted the consulate multiple times.

This has led nowhere.

## FIRST CLAIM FOR RELIEF
### (Agency Action Unlawfully Withheld and Unreasonably Delayed)

For their first claim for relief against all Defendants, Plaintiff alleges and states as follows:

41. Plaintiff realleges and incorporates by reference the foregoing paragraphs as though fully set out herein.

42. The APA requires that "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it."  5 U.S.C. § 555(b).  Section 555(b) creates a non-discretionary duty to conclude agency matters.  *Litton Microwave Cooking Prods. v. NLRB*, 949 F.2d 249, 253 (8th Cir. 1991).  A violation of this duty is a sufficient basis for mandamus relief.

43. The APA permits this Honorable Court to "compel agency action unlawfully withheld or unreasonably delayed."  5 U.S.C. § 706(1).

44. The Defendants have refused to adjudicate Plaintiff's application and to issue the requested visa application.

45. The DOS regularly works with the DHS when carrying out background and security investigations that are delayed by administrative processing.

46. The DHS has a policy, known as the "Controlled Application Review and Resolution Program" (hereinafter sometimes referred to as "the CARRP") that intentionally delays the applications of applicants such as Tonny due to security concerns.

47. On information and belief, Plaintiff alleges that the Defendants are intentionally delaying a response to the DOS in regard to Plaintiff's family members' visa application pursuant to the CARRP program.  Plaintiff alleges that this delay is due to Plaintiff's family members being

from a predominantly Muslim country.

48. Upon information and belief, Plaintiff alleges that the USCIS and the DOS are and have been complicit in the delay in processing Plaintiff's family members' visa application.

49. Since 2008, the Defendants have used CARRP—an internal policy that has neither been approved by Congress nor subjected to public notice and comment—to investigate and adjudicate applications deemed to present potential "national security concerns." CARRP prohibits USCIS field officers from approving an application with a potential "national security concern," instead directing officers to deny the application or delay adjudication—often indefinitely—in violation of the INA.

50. CARRP's definition of "national security concern" is far more expansive than the security-related ineligibility criteria for immigration applications set forth by Congress in the INA. Rather, CARRP identifies "national security concerns" based on deeply-flawed and expansive government watchlists, and other vague and overbroad criteria that bear little, if any, relation to the security-related statutory ineligibility criteria. The CARRP definition casts a net so wide that it brands innocent, law-abiding residents, like Plaintiff's family members—none of whom pose a security threat—as "national security concerns" on account of innocuous activity and associations, and characteristics such as national origin.

51. Although the total number of people subject to CARRP is not known, USCIS data reveals that between FY2008 and FY2012, more than 19,000 people from twenty-one Muslim-majority countries or regions were subjected to CARRP.

52. Plaintiff alleges that Plaintiff's family members' application has been in administrative processing beyond a reasonable time period for completing administrative processing of her visa

application.

53. The combined delay and failure to act on Plaintiff's family members' immigrant visa application is attributable to the failure of Defendants to adhere to their legal duty to avoid unreasonable delays under the INA and the applicable rules and regulations.

54. There are no alternative adequate or reasonable forms of relief available to Plaintiff.

55. Plaintiff has exhausted all available administrative remedies in pursuit of a resolution of this matter, including repeatedly requesting the processing of their case.

## SECOND CLAIM FOR RELIEF
### (Violation of Right to Due Process of Law)

For their second claim for relief against all Defendants, Plaintiff alleges and states as follows:

56. Plaintiff realleges and incorporates by reference the foregoing paragraphs as though fully set out herein.

57. The right to fundamental fairness in administrative adjudication is protected by the Due Process Clause of the Fifth Amendment to the United States Constitution.  Plaintiff may seek redress in this Court for Defendants' combined failures to provide a reasonable and just framework of adjudication in accordance with applicable law.

58. The combined delay and failure to act by Defendants has violated the due process rights of Plaintiff.

59. The combined delay and failure to act by Defendants has irrevocably harmed Plaintiff by causing a loss of consortium between Plaintiff and Plaintiff's family members, among other ways.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff Md Zahiduz Zaman requests the following relief:

1.  That this Honorable Court assume jurisdiction over this action;

2.  Enter a judgment declaring that (a) CARRP violates the INA and its implementing regulations; Article 1, Section 8, Clause 4 of the United States Constitution; the Fifth Amendment to the United States Constitution; and the APA; and (b) Defendants violated the APA by adopting CARRP without promulgating a rule and following the process for notice and comment by the public;

3.  Enjoin Defendants, their subordinates, agents, employees, and all others acting in concert with them from applying CARRP to the processing and adjudication of Plaintiff's immigration benefit applications;

4.  Order Defendants to rescind CARRP because they failed to follow the process for notice and comment by the public;

5.  That this Honorable Court issue a writ of mandamus compelling Defendants to promptly complete all administrative processing within sixty days;

6.  That this Honorable Court take jurisdiction of this matter and adjudicate Plaintiff's family members' immigrant visa pursuant to this Court's declaratory judgment authority;

7.  That this Honorable Court issue a writ of mandamus compelling Defendants to issue an immigrant visa to Plaintiff's family members;

8.  That this Honorable Court issue a writ of mandamus compelling Defendants to explain to Plaintiff the cause and nature of the delay and inform Plaintiff of any action that may be taken to accelerate processing of the visa application;

9.  Attorney's fees, legal interests, and costs expended herein, pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412;

10. Such other and further relief as this Honorable Court may deem just and proper.


**RESPECTFULLY SUBMITTED**
November 29 2019


***/s/ James O. Hacking, III***
James O. Hacking, III
MO Bar # 46728
Hacking Law Practice, LLC
10900 Manchester Road, Suite 203
St. Louis, MO 63122
(O) 314.961.8200
(F) 314.961.8201
(E) jim@hackinglawpractice.com

**ATTORNEYS FOR PLAINTIFF**